**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF　　　　　　　　　　　　　　　　　　　　　CLARKSON S. FISHER BLDG. AND U.S. COURTHOUSE
*GARRETT E. BROWN, JR.*　　　　　　　　　　　　　　　　　　402 EAST STATE STREET ROOM 2020
CHIEF JUDGE　　　　　　　　　　　　　　　　　　　　　　　　TRENTON, NEW JERSEY 08608

April 6, 2011

**LETTER ORDER**

**RE:**   *United States v. Quality Formulation Laboratories, Inc., et al.*, Criminal No. 10-699

Before the Court are Defendants' supplemental brief of April 1, 2011 (Doc. No. 51), and the Government's motion to strike Defendants' supplemental brief (Doc. No. 52).  These filings relate to the hearing that took place on March 23, 2011, wherein this Court permitted Defendants to present evidence concerning whether the Government, through a law enforcement agent, improperly discouraged potential defense witnesses from speaking with defense counsel.

During the hearing, the Court heard the testimony of two defense witnesses, as well as the testimony of Special Agent Kurtis Roinestad, whom Defendants claim made the improper comments to potential defense witnesses.  The Court finds Special Agent Roinestad's testimony that he did not discourage potential defense witnesses from speaking to defense counsel to be credible, and consistent with one of the defense witness's testimony that he told her it was her "choice if [she] wanted to speak to [defense or government investigators]." (Hr'g Tr. at 12–13.) Defendants' proffer at the hearing failed to demonstrate that Special Agent Roinestad's conduct improperly silenced potential defense witnesses or influenced their testimony, and this Court finds that Defendants have not shown a due process violation.

In their supplemental brief, Defendants concede that they "cannot demonstrate a present claim of prejudice." (Defs.' Suppl. Br. at 9.)  Nevertheless, Defendants argue that this Court should compel disclosure of Special Agent Roinestad's witness interview list.  Based on the testimony and affidavits submitted to the Court, the Court sees no need to compel additional discovery at this point.  Should Defendants discover evidence which they assert supports the conclusion that Government agents discouraged witness cooperation, the Court will hear such evidence at the appropriate time.  Accordingly, the Court hereby DENIES the relief sought by Defendants' supplemental brief (Doc. No. 51), and the Court DENIES as moot the Government's motion to strike (Doc. No. 52).

　　　　　　　　　　　　　　　　　　　　　　　　　　　　   /s/ Garrett E. Brown, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Garrett E. Brown, Jr., Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court